Mr. Richard L. Peel Peel Simmons, P.A. 120 South Glenwood Avenue P.O. Box 986 Russellville, AR 72811
Dear Mr. Peel:
This is in response to your request, pursuant to A.C.A. §25-19-105(c)(3)(B), for an opinion concerning the release of certain documents under the Arkansas Freedom of Information Act ("FOIA"), codified at A.C.A. §§ 25-19-101 through -107 (Repl. 1996 and Supp. 1997). The Russellville School District has received the following request under the FOIA:
 Pursuant to the Freedom of Information Act, I am requesting all copies of Lynn Garst's contracts for each year he was employed in your School District. I would also like copies of any correspondence or reports from individuals who assisted in any special investigations at Russellville Middle School when Lynn Garst was Principal.
Letter from Marcia Barnes to Danny Taylor (January 15, 1999).
It is my understanding that release of the contracts is not at issue. You have submitted for my review the contents of a file which, I assume, is in your estimation responsive to this FOIA request. You have asked whether these records are public records, and if so whether they are exempt from disclosure.[1]
It is my opinion that these records fall within the definition of "public records" as "writings . . . required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee. . . ." A.C.A. § 25-19-103(1) (Repl. 1996). This definition provides, moreover, that "[a]ll records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records." Id.
With regard to the applicability of any exemption, it is my opinion that this will likely depend upon whether the records in question are properly characterized as "employee evaluation or job performance records" under the FOIA. A.C.A. § 25-19-105(c)(1). It is my opinion that with two possible exceptions, the records do fall within this exemption.
Employee evaluation and job performance records (including "preliminary notes and other materials," id.) are open to public inspection "only upon final administrative resolution of any suspension or termination
proceeding at which the records form a basis for the decision to suspendor terminate the employee and if there is a compelling public interest in their disclosure." Id. (emphasis added). Because the records in question pertain to a former employee (former Principal Lynn Garst) who resigned from the school district, it appears that the first condition for release has not been met, and that the records are indeed exempt if in fact they constitute "employee evaluation or job performance records."
The FOIA does not define this phrase, nor has it been judicially construed. Formal, written employee evaluations are of course included. I agree with a previous administration's determination, however, that documentation ancillary to the formal evaluation process may also constitute "employee evaluation or job performance records." Thus, supporting documents such as supervisor's memos and records of investigations into alleged employee misconduct have been deemed to fall within this exemption. See, e.g., Op. Att'y Gen. Nos. 96-033 and 93-076. It has also been stated, and I agree, that records detailing the performance or lack of performance of an employee with regard to a specific incident or incidents may constitute evaluation or job performance records if they were created in the evaluation of the employee's performance. See, e.g., Op. Att'y Gen. 96-033, enclosed herein (drawing a distinction between documents routinely or spontaneously created by employees in the course of their duties and reports created in connection with the inquiry into or evaluation of an employee's performance.)
It is therefore my opinion based on the above that with two possible exceptions, the records you have submitted constitute evaluation or job performance records which are exempt from public disclosure under the FOIA.
I cannot discern from the face of two of the documents whether they were created in connection with the evaluation of Mr. Garst's job performance. I therefore cannot opine definitively as to the appropriate classification of these particular records (memorandum dated February 10, 1993, and records pertaining to the "Organizational Health" of the Russellville Middle School). The latter records appear on their face to relate to the overall organizational health of the school, as opposed to Mr. Garst's job performance in particular and the evaluation thereof. I recognize, however, that fact questions may arise in this regard. The custodian must therefore make the factual determination as to whether these records were created in the evaluation of Mr. Garst's job performance.
As regards the February 10, 1993 memo, the particular circumstances surrounding creation of this record may be determinative of its proper characterization. If the superintendent had no role or involvement in the creation of this document, but rather the employee spontaneously produced it, then the "employee evaluation or job performance" exemption will in all likelihood not apply. See, e.g., Op. Att'y Gen. 96-033. It should perhaps also be noted that while this record could, depending upon the facts, be considered a job performance record of Mr. Garst, it also touches upon the author's job performance. In any event, however, whether it was created in the evaluation of either employee's job performance will require a factual determination. If this document is not exempt under § 25-19-105(c)(1), it is in my opinion disclosable.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh
[1] My authority under § 25-19-105(c)(3)(B) is to review the decision of the custodian of the records with regard to the release or withholding of personnel or employee evaluation or job performance records. While I am somewhat uncertain in this regard, I have the impression that a determination has been made that the records in question are employee evaluation records that are exempt from disclosure.